CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Wesley Pennington, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 7:24-cv-00838 |
| Officer April Morgan *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff Wesley Pennington., an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, claiming general wrongful treatment since 2021 and unspecified violations of his speedy trial rights. Pennington submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*.

While the court finds that Pennington qualifies to proceed without prepayment of fees or costs, it also finds that the complaint fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I.     Standard of Review

The court must dismiss a complaint filed in forma pauperis "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute

"is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe Pennington's *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), her complaint must state a right to relief that is plausible on its face. See Iqbal, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II.     Analysis

Here, Pennington's complaint fails to state a claim upon which relief could be granted. The complaint's complete substantive content (cleaned up) is as follows:

> Collectively both counties have been violating many civil rights since 2021. Video and email supporting this available once released from custody. Smyth County has violated my speedy trial multiple times with disregard to our federal system.

(Compl. at 2 (Dkt. 1).) Pennington does not provide any non-conclusory facts about what specifically any Defendant did or did not do that violated his rights. The Defendants are specified in the caption of the complaint, but the content of the complaint contains no specific allegations against any Defendant. A proper § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). The complaint is too vague to support a plausible claim or entitlement to relief as to any particular Defendant.

Additionally, the complaint names many Defendants as to which relief could simply not be granted pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983. Liability for a civil rights violation is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A police department is not a person. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). "Under Virginia law, which applies in this context, 'an operating division of a governmental entity . . . cannot be sued unless the legislature has vested the operating division with the capacity to be sued.'" *Smith v. Town of South Hill*, 611 F. Supp. 3d 148, 167 (E.D. Va. 2020) (quoting *Mukuna v. Gibson*, No. 1:11cv493, 2011 WL 3793336, at *5 (E.D. Va. Aug. 25, 2011)). Courts have consistently concluded that "nothing in Virginia law recognizes municipal police departments as entities

separate from their respective municipalities." *Id.* (quoting *Hearn v. Hudson*, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982) (dismissing claims against a municipal police department); *see also Lucas v. Henrico Cnty. Pub. Sch. Bd.*, No. 3:18cv402, 2019 WL 5791343, at *3 (E.D. Va. Nov. 6, 2019) (stating that "several courts in this Circuit have dismissed claims against police departments in Virginia, holding that they lack the capacity to be sued" and dismissing the plaintiff's claims against a municipal police department); *Sharpe v. Winterville Police Dep't*, 480 F. Supp. 3d 689, 694–95 (E.D.N.C. 2020) (applying North Carolina law to dismiss claim against police department). Accordingly, Defendants "Smyth County and Marion Police Departments" and "Wythe County and Wytheville Police Departments" must be dismissed.

Similarly, courts are not proper § 1983 defendants against whom relief could be granted. "It is established law that governmental entities such as jails and courts are not 'persons' under § 1983, and are thus not amenable to suit under the statute." *Stevens v. Sheeley*, No. 5:13CV18, 2013 WL 5744782, at *2 (N.D.W. Va. Oct. 23, 2013). Therefore, Defendants "Smyth County Courts" and "Wythe County Courts" must be dismissed.

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Pennington.

**ENTERED** this 30th day of January 2025.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE